PEOPLE v. BIRD.

FALSE PRETENSES—CONSPIRACY — COMPLAINT — SUFFICIENCY—DE
FENSES—VERDICT. '

*1. Where a complaint alleges a conspiracy to obtain money under false pretenses; that, in pursuance thereof, the respondents obtained the money by false pretenses; and an examination was had before the justice, detailing the transaction,—*held,* that a count charging false pretenses is valid.

2. In a complaint or information for conspiracy, it is not necessary to set forth the means resorted to.

3. A general verdict will be sustained if there is one good count in the information.

4. The criminal statute in regard to false pretenses is designed for the protection of the weak and ignorant and those whose

* Head-notes by GRANT, J.

minds are unbalanced. In such case it is no defense that the false representations were absurd and irrational.

5. Whether the respondents were honest in their peculiar religious teachings, by which they obtained money, is a question for the jury.

Error to Lenawee; Chester, J. Submitted February 14, 1901. Decided May 21, 1901.

Theodore Bird, Theodore Williams, Jay Lawrence, and Charles Ray were convicted under an information charging conspiracy to defraud and false pretenses. Affirmed.

The respondents were arrested under a complaint and warrant charging them with a fraudulent conspiracy to obtain from one Thomas J. Curtis, by divers false pretenses, subtle means and devices, $300, and that by said false pretenses, etc., the respondents obtained from said Curtis $300. The complaint is a general one, and does not set forth the specific means by which the conspiracy was carried out. The first count in the information is general, like the complaint. The second count is one for false pretenses, and sets forth the specific methods resorted to by the respondents to accomplish their object. The methods, in substance, were that the respondents represented to said Curtis that they were the apostles of Christ; that said Curtis and they were to be the judges of the people in that part of the country; that the son of Curtis was to be Christ in his second coming; that they (respondents) were sent by the Lord to tell Curtis these things; and that the Lord required of him to pay to them $300, to make a home for them. The respondents were convicted.

*Lehmann Bros.* and *F. J. Riggs*, for appellants.

*J. N. Sampson*, Prosecuting Attorney, for the people.

GRANT, J. (*after stating the facts*). 1. The first point raised is that respondents had no examination upon

the offense with which they are charged in the second count. The principal objection is that the complaint alleges a conspiracy, and not the crime of obtaining money under false pretenses. The printed record is very imperfect. It does not show any plea or return of the justice. But the return to the writ of error shows that the respondents stood mute when arraigned, and that an examination was had before the justice. The complaint and first count of the information are good. They contain all that is necessary in charging a conspiracy. *People* v. *Clark*, 10 Mich. 310. The complaint alleges a conspiracy to obtain money by false pretenses, and that "in pursuance of and according to said combination, conspiracy," etc., "by said divers false pretenses," etc., the respondents "did fraudulently obtain and acquire of and from said Curtis the moneys," etc. The testimony taken upon the examination shows the false pretenses and means resorted to. We think the complaint and the evidence elicited upon the examination sufficient upon which to base a count for false pretenses. Both counts are based upon the same transaction. *People* v. *Annis*, 13 Mich. 511; *People* v. *Summers*, 115 Mich. 537 (73 N. W. 818); *People* v. *Pichette*, 111 Mich. 463 (69 N. W. 739). Aside from this, the verdict was a general one, and one good count is sufficient to support it. *Shannon* v. *People*, 5 Mich. 71; *People* v. *McKinney*, 10 Mich. 54, 89.

2. It is urged that the pretenses were so absurd and irrational that they do not come within the statute. This question has been adjudicated against the contention of the respondents in *People* v. *Summers*, 115 Mich. 537 (73 N. W. 818), where many authorities upon the point are cited. Mr. Curtis, from whom the respondents obtained the money, was evidently an ignorant and weak man. It appears from his own testimony and from other evidence that his mind is unbalanced upon the subject of religion. The statute is designed for the protection of such, and for the punishment of those who will take advantage of their weaknesses to perpetrate fraud.

3. It is next urged that, though the respondents held peculiar views, yet that they were honest in their belief. We agree with counsel that their views were peculiar. Whether they were honest in them was a question for the jury. The court, in very clear language, instructed the jury that, if they were honest in their religious belief, no matter how misguided they might be, they could not be convicted. The evidence is that Bird and Williams were very active in preaching their doctrines to Mr. Curtis, that it was his duty to give them money, and that the Lord had so directed. We think, also, that there was evidence from which the jury might reasonably infer that respondents Lawrence and Ray were parties to the fraud, although they did not make direct representations to obtain the money.

We find no error in the record, and the conviction is affirmed.

The other Justices concurred.