PEOPLE *v.* GUERTINS.

ARREST— INTOXICATING LIQUORS—CRIMINAL LAW—ARREST WITH-
OUT WARRANT—VALIDITY A QUESTION FOR JURY.

> In a prosecution for the illegal transportation of intoxi-
> cating liquors, testimony that the officer making the arrest
> had information from several persons that liquor was
> being transported into the city in a Ford car, that it was
> being taken to a certain barn, that he had a description
> of the offender which tallied with defendant, that he saw
> defendant on the street in the car, and that he followed
> him to said barn and found the liquor in the car, *held*,
> to carry to the jury the question of the validity of the
> arrest without a warrant.

Exceptions before judgment from Schoolcraft; Fead
(Louis H.), J.     Submitted June 15, 1923.    (Docket
No. 120.)     Decided July 19, 1923.

Donas Guertins was convicted of violating the liquor
law.     Affirmed.

*H. J. Rushton,* for appellant.

*Virgil I. Hixson,* Prosecuting Attorney, for the
people.

FELLOWS, J.     Defendant was convicted of trans-
porting and having in his possession intoxicating
liquors and reviews his conviction on exceptions before
sentence.     The case was made to turn in the court
below upon the validity of the arrest of defendant
without a warrant, the liquor having been taken after
such arrest.     It is so made to turn in this court.

---

The question of the liability of officer for making arrest for
felony without a warrant is discussed in notes in 51 L. R. A.
203; 42 L. R. A. (N. S.) 69; L. R. A. 1915B, 505.

As to complaint or information based on information and be-
lief as basis for issuance of warrant, see notes 10 L. R. A. (N. S.)
159; 25 L. R. A. (N. S.) 60.

By proper petition to suppress the evidence so obtained, objection to the introduction of the liquor in evidence, and request for a directed verdict, defendant has properly reserved this question for review. The chief of police who made the arrest gave somewhat conflicting and unsatisfactory testimony but he did give testimony tending to establish that complaints had come to him that moonshine whisky was being brought to Manistique from Garden in a Ford car; that he had been so informed by the prosecuting attorney that day or a few days before; that it was being taken to a barn called the Larson barn owned by one Johnson; that the complaints had been coming for a month; that he had obtained a description of the party bringing in the whisky and that defendant tallied up to such description; that he had seen defendant before but did not know his name; that such complaints came to him from the prosecuting attorney, a policeman and others; that the day of the arrest he received a telephone call telling him a Ford car was bringing in some liquor and giving its number; that the party giving such information declined to give his name; that about 5 o'clock in the afternoon he saw the car with the number given him and attempted to stop it on the street but failed, and he followed it to the Larson barn where he found and arrested defendant and searched the automobile and found the liquor; and that he believed when he made the arrest that defendant was transporting liquor and had it in his car.    We are persuaded that the trial court correctly held that this testimony carried to the jury the question of the validity of the arrest.    The following instructions, which we approve, carefully protected defendant's rights:

"There has been some testimony relative to the officer having received a telephone call from Garden, or from somewhere, to the effect that an automobile of a cer-

tain number was coming into Manistique and was bearing liquor. It appears from the testimony of the officer that the person who gave that information did not disclose his name nor the source of his information, and I charge you that, if the officer arrested the respondent solely upon the information which he received over the telephone, the arrest was not lawful, for the reason that an officer has not the right to arrest a person without a warrant and upon information which is given anonymously, without the discloser of the informant and the source of his information. The officer cannot base a reasonable belief upon information which is secured in that way.    *    *    *

"It is for you to say what the officer based his action upon. If you find, as I say, that he based it merely upon the telephone call which he received from Garden, and upon that alone, then I charge you that the arrest was not lawful and the respondent must be found not guilty. On the other hand, if you find that the officer made the arrest in the firm belief that the respondent was committing a felony, having intoxicating liquors in his possession, and that it was based on other information which he has disclosed to you, and if you further find that all this information which was taken into account by the officer at the time, was sufficient to induce in the mind of a reasonable person a reasonable belief that the respondent was then in the possession of intoxicating liquors, then the arrest was lawful, and it would be your duty to find the respondent guilty as charged. In order to justify an arrest there must be actual belief upon the part of the officer, based upon facts, actual facts creating a probable cause of belief in the guilt of the respondent."

See *People* v. *Bressler*, 223 Mich. 597.

The conviction is affirmed, and the trial judge may proceed to judgment.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.