PEOPLE v. MAHER.

1. CRIMINAL LAW—SEARCHES AND SEIZURES—EVIDENCE—VALIDITY
   OF SEIZURE OF EVIDENCE MAY NOT BE RAISED FIRST ON TRIAL.
   Where a defendant in a criminal case for the first time
   upon the trial objects to the admission in evidence of
   articles taken by unlawful search and seizure, and they
   are admissible under general rules governing the ad-
   missibility of proof, the court will not pause in the trial
   of the case to determine the collateral question of whether
   the prosecution became lawfully possessed of such articles.

2. SAME—INTOXICATING LIQUORS.
   In a prosecution for violation of the prohibition law,
   where, before defendant's arrest, his automobile was
   searched without a warrant and liquor found therein was
   seized, but no motion was made either in justice's court
   or in the circuit court for a return of the liquor or its
   suppression as evidence, objection on the trial to its re-
   .ception in evidence because of the alleged illegal search
   and seizure comes too late to be available to defendant.

3. SAME—TRIAL—CROSS-EXAMINATION—COLLATERAL ISSUE.
   The question of the validity of the search and seizure not
   having been properly saved, the trial court was not in
   error in refusing to permit defendant's counsel to cross-
   examine the sheriff as to the source of the information
   he received before the search, since to have done so, would
   have been to try a collateral issue.

4. SAME—TRIAL—INSTRUCTIONS—REQUESTED INSTRUCTIONS.
   It was not error for the trial court to omit a requested
   instruction that the jury must be satisfied beyond a
   reasonable doubt that defendant knew that the liquor was
   in the back of his car, where said request would not have
   been appropriate; there being no testimony that would
   have justified them in finding that the liquor had been
   "planted" in defendant's car without his knowledge.

On constitutional guaranties against unreasonable searches
and seizures, as applied to search for or seizure of intoxicating
liquors, see notes in 3 A. L. R. 1514; 13 A. L. R. 1316; 27
A. L. R. 709.

On transportation of concealed liquor as an offense within the
presence of officer authorizing arrest without a warrant, see note
in 20 A. L. R. 652.

Exceptions before judgment from Allegan; Cross (Orien S.), J.   Submitted October 11, 1923.   (Docket No. 142.)   Decided February 1, 1924.

Frank Maher was convicted of violating the liquor law.   Affirmed.

*Clare E. Hoffman,* for appellant.

*I. C. Montague,* Prosecuting Attorney, for the people.

FELLOWS, J.   Defendant reviews his conviction of a violation of the prohibition law on exceptions before sentence.   Defendant's automobile was searched by the sheriff and the liquor seized before defendant was placed under arrest, and it is insisted that such search and seizure were unlawful because made without a search warrant.   But there was no motion made either in justice's court or in the circuit court for a return of the liquor or its suppression as evidence, although objection was made on the examination to receiving the liquor in evidence and the question was raised upon the trial after the jury had been sworn. In *People* v. *Marxhausen,* 204 Mich. 559 (3 A. L. R. 1505), we pointed out the proceedings necessary to take to preserve for review the question of an unlawful search and seizure, and definitely settled for this court the necessity of raising the question before the trial.   We there said:

"From this consideration of these cases it is obvious that the rule underlying them is that when defendant in a criminal case for the first time upon the trial objects to the admission in evidence of articles taken by unlawful search and seizure, and they are admissible under general rules governing the admissibility of proof, the court will not pause in the trial of the case to determine the collateral question of whether the prosecution became lawfully possessed of such articles."

See, also, *People* v. *Vulje,* 223 Mich. 656.   While

the courts of some other jurisdictions hold otherwise, we are not persuaded that we should change this rule of practice. It must, therefore, be held that the question of the legality of the search and seizure of the liquor is not before us.

Error is assigned on the refusal of the court to permit defendant's counsel to cross-examine the sheriff as to the source of the information he received before the search and *People* v. *Guertins,* 224 Mich. 8, is relied upon. That case is clearly distinguishable from the case before us. There the case was made to turn both in the circuit court and in this court upon the question of whether there was probable cause justifying the arrest of defendant without a warrant. That question had been properly saved and was the question submitted to the jury. By approving the charge of Judge Fead, we there held that the sheriff was not justified in arresting defendant without a warrant solely on a communication received by him by telephone from a person who did not disclose his name or the source of his information. But, as we have pointed out here, the question of the validity of the search and seizure had not been properly saved, and to have permitted a trial of that question would have permitted a trial of a collateral issue. For this reason the right of the officer to make the search could not be the subject of inquiry on the trial and the ruling of the trial judge under these circumstances was proper.

Defendant's counsel at the close of the charge orally requested the court to charge that the jury must be satisfied beyond a reasonable doubt that defendant knew that the liquor was in the back of the car. The trial judge expressed the view that the request in substance had been covered. His charge was an eminently fair one to the defendant, and upon the record before us the specific instruction requested

would not have been appropriate. The sheriff and a chemist were the only witnesses sworn. The sheriff testified that he searched the car almost immediately after defendant left it and found the liquor, and on defendant's return he wanted to know if there was some way to fix it up. If his testimony was believed it was the duty of the jury to convict; if not, it was their duty to acquit. This issue was fairly submitted to the jury. There was nothing in the testimony that would have justified the jury in finding that the liquor had been "planted" in defendant's car without his knowledge.

The conviction will be affirmed.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.