PEOPLE *v.* FISK.

1. INTOXICATING LIQUORS—ARREST—VALIDITY OF ARREST WITHOUT WARRANT—QUESTION FOR JURY.

   In a prosecution for violating the prohibition law, testimony *held*, sufficient to carry to the jury the question as to whether defendant, by having intoxicating liquors upon his person, was committing a felony in the presence of the officers justifying his arrest without a warrant.

2. SAME—VALIDITY OF SEARCH WARRANT RAISED FOR FIRST TIME UPON TRIAL WILL NOT BE CONSIDERED.

   Where the record shows that a motion for the suppression of evidence and the return to defendant of liquor taken from him, made before the trial began, related only to that found upon his person when he was arrested, a discussion of the question of the validity of a search warrant and the admission of evidence secured thereunder is not justified, where it appears that the question of its validity was raised for the first time upon the trial. BIRD, FELLOWS, and WIEST, JJ., dissenting.

Exceptions before judgment from Wexford; Lamb (Fred S.), J.     Submitted January 17, 1924.     (Docket No. 132.)     Decided May 8, 1924.

Leonard Fisk was convicted of violating the liquor law.     Affirmed.

*E. J. Millington,* for appellant.

*Fred C. Wetmore,* Prosecuting Attorney, for the people.

BIRD, J. (*dissenting*).     Plaintiff was convicted of having in his possession and transporting a certain quantity of intoxicating liquor in violation of the prohibition law.     Early in the evening of November

29, 1922, two State troopers saw defendant's automobile standing in front of the New Russell House, in Cadillac. Soon after they went to a house opposite defendant's home and waited for his return. Two hours later defendant drove up to his home and went into the house. The troopers then went across the street to the car and inquired of the young lady therein where defendant was. She sounded the horn and defendant came out to the car. He was met by the troopers, who inquired of him what he had in his pockets, and they ordered him to take his hands out of his pockets. They then placed him under arrest on suspicion of possessing and transporting intoxicating liquor. A personal encounter ensued, the troopers leveled their guns at defendant and finally succeeded in hand-cuffing him and taking him to jail.

Defendant's counsel raises and discusses the question whether the troopers were justified in arresting defendant without a warrant. He discusses the evidence in connection with the law, and concludes the arrest without warrant was not justified. Counsel's brief and argument on this question are very able, but we think he overlooks testimony which made this question one of fact for the jury. The troopers testified they disclosed to defendant they were officers, showed defendant their State badges, and informed him he was arrested on suspicion of transporting intoxicating liquor. Their testimony further shows they saw a bottle which resembled a bottle of beer in his right coat pocket as he approached the automobile. He also made a motion as though he was throwing something away. We think this testimony, although meager, was sufficient to carry to the jury the question whether defendant was committing a felony in the presence of the officers.

Immediately following defendant's arrest the sheriff made an affidavit for and obtained a search warrant

to search defendant's dwelling.   The sheriff's return shows that the search yielded a small amount of whisky and beer which were admitted in evidence over defendant's objection.   Defendant's motion, made on April 19th, for an order returning the whisky and beer was denied two days later, on April 21st, before trial was begun.   The objection made to the admission of the testimony was that the affidavit was not sufficient to support the warrant.   The material portion of the affidavit follows:

"The affidavit and complaint on oath and in writing of C. H. Nixon made before me E. J. Millington, Judge of the Recorder's Court of the City of Cadillac, in said county, upon the 29th day of November, A. D., 1922, who, being by me duly sworn, says that in the house and outbuildings of the premises situate, known and numbered as No. 905 Wheeler Street in the city of Cadillac, which said premises are occupied by one Leonard Fisk as place for the unlawful sale of liquor and not as a drug store nor a private dwelling house occupied as such, the said Leonard Fisk not being a licensed and registered druggist or pharmacist engaged in selling intoxicating liquors under and in compliance with the requirements and restrictions imposed upon licensed and registered druggists and pharmacists by the general laws of the State of Michigan and by Act No. 388 of the Public Acts of Michigan of 1917, certain vinous, malt, brewed, fermented, spirituous and intoxicating liquors, to wit: home made whisky are being unlawfully possessed for the purpose of being sold, furnished or given away as a beverage, contrary to the provisions of Act No. 338 of the Public Acts of the State of Michigan for the year 1917, as amended; and that he, the said affiant, believes and has good cause to believe that such liquor is now concealed upon the premises above described; and that there are also now concealed on said premises there certain implements and furniture used and kept for such illegal keeping, selling, furnishing, giving away, and storing of such liquors, to wit: containers and that the grounds of his said belief are as follows: many persons have been seen frequenting said premises during the late

hours of the night without parcels and leaving with them wrapped in newspapers, of the shape of quart bottles; many of such people are in the habit of using intoxicating liquor frequently; the said Leonard Fisk was seen taking beer from said premises on said day and about to enter an automobile driven by said Leonard Fisk and was arrested then and there for the unlawful possession of liquor which was intoxicating."

The particular objection is that the affiant does not state sufficient facts to support his information and belief. The affiant discloses therein that:

(*a*) "Many persons *have been seen* frequenting said premises during the late hours of the night without parcels, and leaving with them wrapped in newspapers, of the shape of quart bottles." This is not a statement of fact within the knowledge of affiant. The inference is that he did not see them. Had he seen them he would probably have so stated. The statement was hearsay.

(*b*) The next allegation that "many of such people are in the habit of using intoxicating liquor frequently" is of no moment and is meaningless if the preceding statement be eliminated.

(*c*) That Leonard Fisk *was seen* taking beer from said premises on said day and about to enter an automobile driven by said Leonard Fisk, etc. This pretended statement of fact has the same infirmity as the first one. The affiant does not show that this is a fact within his knowledge; it is a mere matter of hearsay, as he was not present when defendant was arrested, as is shown by the record.

This examination shows that no material facts were stated by the affiant, of which he had personal knowledge. In *People* v. *Effelberg*, 220 Mich. 528, Mr. Justice CLARK discussed the question at some length whether a search warrant could be based upon an affidavit made upon information and belief. The

conclusion reached was that a search warrant issued upon such an affidavit was void. It will be unnecessary to restate what was there said. For the reasons stated we think the admission of the whisky and beer in evidence was reversible error.

Justices of the peace and others who have authority to issue search warrants should pay some heed to the Constitution and statute in issuing them. The Constitution provides:

"The person, houses, papers, and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place, or to seize any person or things, shall issue without describing them, nor without probable cause, supported by oath or affirmation." Article 2, § 10.

The statute provides that:

"No warrant shall be issued to search a private dwelling occupied as such, unless some part of it is used as a store or shop, hotel or boarding house, or for any other purpose than a private residence, or unless such private dwelling is a place of public resort." * * * Act No. 53, Pub. Acts 1919, § 30 (Comp. Laws Supp. 1922, § 7079 [30]).

Search warrants to search dwelling houses should not issue, as a matter of course, nor should they issue simply because officials apply for them, but should issue only after the justice of the peace is satisfied there is reasonable cause for the belief of the affiant. This showing cannot be made by hearsay, but must be made by a statement of facts within the knowledge of the affiant. Had these constitutional and statutory injunctions been observed no warrant would have been issued in this case.

The judgment of conviction should be set aside and a new trial granted.

Fellows and Wiest, JJ., concurred with Bird, J.

SHARPE, J.     I agree with Mr. Justice BIRD in the conclusion reached by him as to the arrest of defendant and the admissibility in evidence of the beer found upon his person.

In my opinion, the record does not justify a discussion of the validity of the search warrant and the admission of the evidence of the whisky secured under it.     The motion to suppress and for the return of the liquor related only to the beer taken from defendant's person.     It reads as follows:

"Now comes the said defendant, by E. J. Millington, his attorney, and moves the court now here: 1. That an order be made by the court directed to Charles H. Nixon to return to Leonard B. Fisk, the above named defendant, two bottles of liquor, alleged to be beer, taken from the said defendant and delivered to the said sheriff on the 29th day of November, 1922, because the said seizure was illegal, and in violation of the defendant's constitutional rights.

"2. That the testimony relative to the said liquor, taken at the examination of the defendant, on the 12th day of December, 1922, be suppressed, because the said testimony is based upon an illegal search of the defendant's person, and the illegal seizure of articles found thereon.

"3. That the information in the said cause be quashed, and the defendant discharged."

It was based solely upon an affidavit made by the defendant, and in it no reference is made to the issue of a search warrant or any liquor secured thereby. In its order overruling the motion, the court found—

"that the facts and circumstances as evidenced by the return of the recorder's court on examination justify the police in doing what was done in the apprehension and arrest of the respondent and the seizure of the liquor taken."

The validity of the search warrant was first questioned when testimony was offered concerning the whisky taken under it.     We have repeatedly held that

the question cannot be raised at that time.   *People*
v. *Perrin*, 223 Mich. 132, and cases cited.

The exceptions are overruled and the trial court
directed to proceed to sentence.

CLARK, C. J., and MCDONALD, MOORE, and STEERE,
JJ., concurred with SHARPE, J.