PEOPLE *v.* DUNGEY.

1. ARREST—CRIMINAL LAW—ARREST WITHOUT WARRANT—SEARCH AND SEIZURE.

In a prosecution for violation of the prohibition law, where defendant claimed that his arrest and the seizure of liquor in his automobile were unlawful, an affidavit by the officer making the arrest that while watching a certain home, against the owner of which complaints had been made, he saw defendant come out carrying a sack containing an article looking like a jug or bottle which he placed in his automobile and drove away, and which later, on stopping him to make an investigation, proved to be a gallon of moonshine whisky, justified the arrest of defendant and seizure of the liquor, which was admissible in evidence.[1]

2. INTOXICATING LIQUORS—EVIDENCE—DENIAL OF MOTION TO SUPPRESS CONCLUSIVE.

The denial by the trial court of defendant's motion to suppress as evidence liquor seized in his possession on the ground that it was illegally obtained, forecloses further

———————

[1]Intoxicating Liquors, 33 C. J. § 376.

questioning on this subject later on in the trial of defendant for illegal possession.[2]

3. CRIMINAL LAW—SUPPRESSION OR ADMISSION OF EVIDENCE FOR THE COURT.

    Whether evidence should be suppressed or received is a question for the court and not the jury.[3]

Exceptions before judgment from Berrien; White (Charles E.), J.    Submitted April 15, 1926.    (Docket No. 138.)    Decided June 7, 1926.

Marcus Dungey was convicted of violating the liquor law.    Affirmed.

*John J. Sterling,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *George H. Bookwalter,* Prosecuting Attorney, for the people.

SNOW, J.    The defendant was convicted by jury of having intoxicating liquor in his possession.    He was arrested without a warrant by a deputy sheriff of Berrien county, who took from his automobile a gallon of moonshine whisky.    Before the trial, the defendant, by his counsel, filed a motion to suppress as evidence the intoxicating liquor so taken from him by the officer, on the ground that there was no search warrant and the searching of his automobile was contrary to the laws of the State, and in violation of the State and Federal Constitutions.    The motion was based upon his own affidavit, which set forth he was, while alone, lawfully driving his automobile on the public highway, and that he was not under the influence of intoxicating liquor; that the officer stopped him, searched his automobile, seized the liquor and put him under arrest.    In answer to this affidavit, the prosecuting attorney filed and offered the affidavit of the officer, which set forth that he and another deputy

---

[2]Intoxicating Liquors, 33 C. J. § 494; [3]Criminal Law, 16 C. J. § 2286.

sheriff were watching the home of a man named Stillo in Benton Harbor, against whom they had had complaints to the effect that liquor was being carried in and out of the house; that while so watching they saw the defendant come out of the house carrying a sugar sack containing an article which looked suspiciously like a jug or bottle; that defendant carried this package to his automobile and drove away; that he (the officer) having reasonable grounds to believe defendant was violating the liquor law, followed him, drove in front of him, got out of his own car and walked up to defendant's car, where the package reposed in plain sight, took possession of the package, which proved to be a gallon of moonshine whisky, and placed the defendant under arrest.    The motion to suppress was heard by the trial judge and denied, to which ruling the defendant duly excepted.

If the officer's affidavit was true, he had authority to take the liquor and arrest without a warrant. *People* v. *Kamhout*, 227 Mich. 172; *People* v. *Fisk*, 227 Mich. 166; *People* v. *DeCesare*, 220 Mich. 417; *People* v. *Ward*, 226 Mich. 45; *People* v. *Bressler*, 223 Mich. 597.    The judge found, by his denial of the motion to suppress, that it was true as a matter of fact.    This forecloses further questioning on this subject at any future stage in the trial, the only question to be determined by the jury being whether or not the defendant had liquor in his possession contrary to law.

Whether the officer was ordered to keep the Stillo place under surveillance, whether complaints had been made concerning it, or who made them, were matters not subject of inquiry upon the trial, and defendant cannot complain because he was not allowed to interrogate witnesses about them.    These matters were for the consideration of the court on the hearing of the motion to suppress, on which hearing defendant had the right to go into them and produce witnesses

to substantiate his claim in regard thereto.    Whether evidence should be suppressed or received is for the court, and not for the jury.

The conviction is affirmed, and the court directed to proceed to judgment.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.