PEOPLE *v.* BURKE.

1. CRIMINAL LAW — INTOXICATING LIQUOR—ILLEGAL SEARCH AND SEIZURE—MOTION TO SUPPRESS SHOULD BE MADE BEFORE TRIAL.
   The issue as to the legality of the search for and seizure of intoxicating liquor must be raised by motion to suppress, made before trial, and determined by the court; it never being a question for the jury.

2. SAME — DISPOSAL OF QUESTION OF LEGALITY OF SEARCH AND SEIZURE BEFORE TRIAL PRECLUDES FURTHER QUESTIONING.
   If a motion to suppress evidence because obtained by illegal search is made and disposed of before the trial, further questioning on the subject at any further stage is thereby foreclosed.

3. SAME—LEGALITY OF SEARCH AND SEIZURE MAY NOT BE RAISED FOR FIRST TIME ON THE TRIAL.
   Objection to admission in evidence of intoxicating liquor because obtained by illegal search, raised for the first time on the trial, comes too late.

4. SAME—LEGALITY OF SEARCH AND SEIZURE QUESTION FOR COURT.
   The question as to the legality of the search and seizure being for the court rather than the jury, whether they were properly instructed thereon is of no consequence.

5. SAME—TRIAL—INSTRUCTION—ERRONEOUS INSTRUCTION NOT REVERSIBLE WHERE NOT PREJUDICIAL.
   In a prosecution for illegal possession of intoxicating liquor, an instruction by the trial court that the question for the jury was as to whether the liquor seized was intoxicating liquor in violation of the statute, and that in regard thereto "there is no dispute," was erroneous in that it did not instruct the jury that, in order to convict, they must be satisfied from the evidence, beyond a reasonable doubt, that defendant had intoxicating liquors in his possession, but in view of the fact that the intoxicating nature of the liquor seized and offered in evidence was not denied, said instruction was not prejudicial

[1]Criminal Law, 16 C. J. §§ 1110, 2286; [2]Id., 16 C. J. § 1110; [3]Id., 16 C. J. § 1110; [4]Id., 16 C. J. §§ 1110, 2286; 17 C. J. §§ 3688, 3692; [5]Id., 17 C. J. §§ 3688, 3694.

and in no way affected the verdict, which should be sustained under 3 Comp. Laws 1915, § 14565.

Error to Ingham; Collingwood (Charles B.), J. Submitted October 14, 1926.     (Docket No. 119.)     Decided December 8, 1926.

John Burke was convicted of violating the liquor law, and sentenced to imprisonment for not less than six months nor more than one year in the State prison at Jackson.     Affirmed.

*Reynolds, Pierce & Planck,* for appellant.

SNOW, J. Defendant was convicted of illegal possession of liquor, and reviews on writ of error.     He claims there was an unlawful search of his automobile, and that liquor obtained by such search should not have been received in evidence.     The legality of the search was made an issue before the jury, and 9 of the 13 assignments are based upon claimed errors in the court's instructions relative thereto.     We have repeatedly held such an issue must be raised by motion to suppress, made before trial, and determined by the court.     It is never a matter for the jury.

The record in the instant case is vague as to when the motion to suppress was made.     It shows a motion to quash the information and "that the evidence produced against him at the examination be suppressed and that he be discharged" was made by the defendant, and denied by the court, but whether before trial or at the close of the proofs is not clear.     But when the seized liquor was offered in evidence, the following occurred:

*"Mr. Pierce:* They are objected to for the reason that they were obtained as the result of an illegal arrest and unlawful search and seizure and in violation of the respondent's constitutional rights.

"*The Court:* The exhibits will be received and exception noted."

If the motion was made and disposed of before trial, further questioning on the subject at any further stage was thereby foreclosed.     See *People* v. *Dungey,* 235 Mich. 144.     If no objection was raised until the exhibits were offered upon the trial, the objection came too late.     Whether the jury was properly instructed relative to the right of search and seizure is therefore of no consequence.

Upon the sole issue in the case, viz., whether or not defendant had liquor in his possession, the only instruction was the following:

"If you find from the evidence and beyond a reasonable doubt that the officer had reason to believe that there was intoxicating liquor in that car, and acting upon that belief stopped the car and arrested John Burke, then the simple question remains for you, were the contents of that car intoxicating liquor, in violation of the statute?     And in regard to that, I say, gentlemen, there is no dispute."

This was not in substance nor in effect an instruction to the jury that in order to convict the defendant it must be satisfied from the evidence beyond a reasonable doubt that he had intoxicating liquor in his possession.     The charge is therefore erroneous.     But, in view of the fact that there was no testimony on the part of the defendant that the liquid found was not in truth such as is prohibited by law, and because his entire defense seems to have been planted on an alleged unlawful arrest and seizure of the contents of the automobile, the error was without prejudice, and in no way affected the result of the verdict (3 Comp. Laws 1915, § 14565).

The conviction is therefore affirmed.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.