PEOPLE v. VER PLANCK.

1. INTOXICATING LIQUORS — ILLEGAL TRANSPORTATION—EVIDENCE—
   SUFFICIENCY.
      In a prosecution for illegal transportation of intoxicat-
      ing liquors, evidence examined and *held*, to warrant a con-
      viction.[1]

2. CRIMINAL LAW — INTOXICATING LIQUORS — IRREGULAR SENTENCE
   DOES NOT INVALIDATE CONVICTION.
      A sentence of imprisonment for not to exceed one year
      and not less than eleven months, for illegal transporta-
      tion of intoxicating liquors, while irregular in that the
      minimum period should have been six months, is valid
      and effectual to the extent of the lawful penalty under
      3 Comp. Laws 1915, § 15857; and the case is remanded
      for a proper sentence.[2]

Error to Ingham; Carr (Leland W.), J. Sub-
mitted April 16, 1924. (Docket No. 119.) De-
cided June 18, 1925.

Arthur T. Ver Planck was convicted of violating the
liquor law, and sentenced to imprisonment for not less
than 11 months nor more than one year in the Mich-
igan reformatory at Ionia. Remanded for legal
sentence.

*John A. Berry* and *Thomas A. Lawler*, for appel-
lant.

*Andrew B. Dougherty*, Attorney General, *Barnard
Pierce*, Prosecuting Attorney, and *Joseph W. Planck*,
Assistant Prosecuting Attorney, for the people.

MOORE, J. The defendant was sentenced as fol-
lows:

[1]Intoxicating Liquors, 33 C. J. § 503; [2]Criminal Law, 16 C.
J. § 3093.

"Respondent standing convicted by the verdict of the jury of the crime of illegal transportation of intoxicating liquor as shown by the record thereof, and having been on motion of the prosecuting attorney brought to the bar of the court for sentence, and having there been asked if he had anything to say why sentence should not be pronounced against him, and alleging no reason to the contrary. Now, therefore, it is considered by the court now here that the said respondent be confined in the Michigan reformatory at Ionia at hard labor for a period of not to exceed one year and not less than eleven months from and including this day and in the opinion of the court he should serve one year."

The case is brought into this court by writ of error. There are but two important questions in the case. It is said:

"1. The court erred in denying respondent's motion to quash the information and suppress the evidence made and heard prior to the trial of said cause, and in denying respondent's motion in arrest of judgment."

It was the claim of the people and testimony was given in support of the claim that a day or two prior to April 19, 1924, two deputy sheriffs were told by one Joseph Thompson, whom they knew, that defendant was going to deliver a load of liquor to the Central Welding Company plant, in North Lansing, in a blue Olds roadster at about 8 o'clock on that evening. The officers concealed themselves in that neighborhood. A little after 8 o'clock Ver Planck drove up and made several trips into the building. He drove away. Brown remained alone near the entrance to the plant. Shortly before 9 o'clock defendant reappeared driving an Olds car. He went into the building. Brown approached the car. Ver Planck came out carrying a grip and a gunny sack and threw them into the rear end of the car. Brown smelled liquor about the car and arrested Ver Planck. The officer found a few drops of liquor in a bottle on the

front seat, and some whisky spilled on some news-papers in the rear.     He took the defendant and his car to the city hall.     There the car was searched thoroughly and in a locked compartment just back of the driver's seat was found three bottles of liquor. Two of them contained wine and the other one grain alcohol.     All were intoxicating liquors.

These claims were disputed by the defendant but were fairly submitted to the jury in an impartial charge, and the jury found a verdict of guilty.     We think the verdict was justified by the proofs, and the following authorities: *People* v. *Case,* 220 Mich. 379 (27 A. L. R. 686) ; *People* v. *Guertins,* 224 Mich. 8; *People* v. *Ward,* 226 Mich. 45; *People* v. *Kamhout,* 227 Mich. 172.

2. Was the court justified in pronouncing the sentence he gave defendant?     We quote from the brief of the people:

"It is agreed that the sentence of respondent for a period of eleven months to one year was irregular, in that the minimum should have been six months.     However, the sentence is valid and effectual to the extent of the lawful penalty (3 Comp. Laws 1915, § 15857)."

The case is remanded, with direction to the circuit judge to enter a proper sentence.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.