In re DUDNEY.

1. CRIMINAL LAW—SECOND OFFENDER—HEARING.
   A trial judge is without jurisdiction to sentence as a second offender a defendant who had never been charged with being a second offender nor accorded a hearing on such charge (3 Comp. Laws 1929, § 17338).

2. SAME—SECOND OFFENDER—COMMITMENT.
   Commitment, as a second offender, of one who had not been charged with being a second offender nor accorded a hearing on such charge was a nullity (3 Comp. Laws 1929, § 17338).

3. SAME—SUBSEQUENT VOID SENTENCE.
   A void sentence as a second offender does not operate to vacate sentence upon conviction of crime of robbery armed, under which petitioner had previously been committed (3 Comp. Laws 1929, § 17338).

Habeas corpus proceedings by James Dudney with accompanying certiorari to James E. Spier, Macomb Circuit Judge, to obtain release from State prison of Southern Michigan. Submitted October 7, 1942. (Calendar No. 41,996.) Writ dismissed November 25, 1942.

*James Dudney, in pro per.*

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Ivan A. Johnston,* Prosecuting Attorney, and *Herman L. Brys,* Assistant Prosecuting Attorney, for the people.

NORTH, J. This matter is before the court on return to a writ of habeas corpus and an accompany-

ing writ of certiorari. The petitioner, James Dudney, alias James Dunn, having been convicted of the offense of robbery while armed, was sentenced on September 27, 1937, to a term of not less than 10 years nor more than 20 years in the State prison of southern Michigan. In November, 1939, petitioner filed in the circuit court of Macomb county, wherein he had been convicted, a motion for leave to file a delayed motion for a new trial. He personally appeared before the court on the hearing of this motion. Later (January 11, 1940) an order was entered denying petitioner's motion. In the meantime and on December 11, 1939, the trial judge, in the absence of the defendant, entered an order purporting to modify defendant's sentence, and to impose a substituted sentence on the basis of petitioner being a second offender.* The attempted substituted sentence was a commitment in the same prison for not less than 5 years or more than 20 years, with the recommendation of 5 years. Defendant had never been charged with being a second offender nor had the defendant had a hearing in court on such charge. Clearly, the trial judge was without jurisdiction to pass sentence upon petitioner as a second offender under such circumstances, and the attempt to commit petitioner as a second offender was a nullity.

On November 8, 1940, the trial judge, in the absence of petitioner, and apparently without any application for taking further action in petitioner's case, entered another order wherein he recited that the court's former order wherein it was attempted to adjudge that defendant was a second offender was "null and void and should be set aside as ille-

---

* See 3 Comp. Laws 1929, § 17338 (Stat. Ann. § 28.1082).—REPORTER.

gal." And the trial court thereupon made the following order:

"It is hereby ordered that the said order entered in this court on December 11, 1939, be and the same is hereby set aside and is hereby declared to be null and void.

"It is further ordered that all other matters, orders and sentence in this case stand in full force and effect and unaffected by this order; and that the entry of said void order of December 11, 1939, and the entry of this order is without prejudice to any of the legal rights of the said defendant under his sentence of September 22, 1937, and/or such motions or legal steps taken by him subsequent to said date as are not based upon said void order of December 11, 1939."

From the foregoing it appears that the only matter which was properly brought before the trial court and upon which the trial court could act was petitioner's motion for leave to file a delayed motion for a new trial. That motion was denied and no appeal taken. The matter of setting aside the sentence imposed upon petitioner on September 22, 1937, was in no way before the trial court, except as incidental to petitioner's motion for leave to move for a new trial, which motion was denied. It does not appear in this record that the trial court entered an order vacating or setting aside the sentence of September 22, 1937. Instead the trial court, without any jurisdiction so to do, attempted to substitute for that sentence a lesser sentence based upon a determination, as to which petitioner had not been given a hearing in court, that he was a second offender. Such attempt of the trial court so to modify petitioner's original sentence in this case was, as petitioner now asserts and as the trial judge finally concluded, an absolute nullity. As such it

did not vacate the sentence under which petitioner was committed in September, 1937, and under which he is now detained. Petitioner's contention to the contrary cannot be sustained.

The writ of habeas corpus and the accompanying writ of certiorari which were issued in behalf of petitioner are dismissed, and his prayer to be released from custody, denied.

CHANDLER, C. J., and BOYLES, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.