*In re* DEMEERLEER.

1. CRIMINAL LAW—SENTENCE—STATUTES—COURTS.
   The length of imprisonment for a specific felony is a matter of legislative determination and is not subject to judicial supervision unless the sentence imposed violates the provisions of the statutes.

2. HABEAS CORPUS—SENTENCE—STATUTES.
   Where sentence imposed is within statutory limitations for crime of which defendant was convicted, he is not entitled to discharge under writ of habeas corpus.

Habeas corpus by Rene DeMeerleer to obtain his release from State Prison of Southern Michigan with certiorari to Bay Circuit Judge. Submitted October 14, 1948. (Calendar No. 44,036.) Writ denied December 17, 1948.

REFERENCES FOR POINTS IN HEADNOTES

[1] 15 Am. Jur., Criminal Law, § 507.
[2] 25 Am. Jur., Habeas Corpus, § 55.
[2] Illegal or erroneous sentence as ground for habeas corpus.   76 A.L.R. 468.

*Joseph W. Louisell,* for petitioner.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people.

Bushnell, C. J. In response to our writ of habeas corpus and ancillary writ of certiorari, returns have been filed by the trial judge and the warden of the State prison of southern Michigan. These show that defendant Rene DeMeerleer was convicted by a jury of the crime of manslaughter under an information charging him with the crime of murder, and is now confined in the State prison under a sentence of not less than 6 months and not more than 15 years from and after January 6, 1948.

In 1932, DeMeerleer pleaded guilty to a charge of murder and was sentenced to life imprisonment. In 1944, his motion for "leave to file a delayed motion to withdraw his plea of guilty and for an order to vacate the judgment and sentence permitting of a new trial" was denied. In 1945, a similar motion was denied, from which order we granted leave to appeal, and then affirmed. Upon our denial of an application for rehearing, certiorari was sought and granted by the supreme court of the United States, where our affirmation of the trial judge's order was reversed. *People* v. *DeMeerleer,* 313 Mich. 548; *DeMeerleer* v. *Michigan,* 329 U. S. 663 (67 Sup. Ct. 596, 91 L. Ed. 584). Thereafter the circuit court of Lenawee county granted DeMeerleer a new trial, set aside his plea of guilty, and entered an order of change of venue from Lenawee to Bay county, where, after a new trial, he was convicted of manslaughter.

We are now asked to discharge DeMeerleer from custody because he has already served more than

the maximum sentence that may be imposed by law upon conviction of the offense of manslaughter.

It is also argued that he is entitled as of right to a credit against his present sentence for all the time served by him under his former illegal sentence since May, 1932, and that to cause him to thus be confined in excess of the maximum period set by law, is a violation of his constitutional rights.

We do not discuss any of these questions in view of our recent decision *In re Doelle, ante,* 241, because decision there is controlling here. As said there:

"The length of imprisonment for a specific felony is a matter for legislative determination and is not subject to judicial supervision unless the sentence imposed violates the provisions of the statutes."

The sentence recently imposed being within statutory limitations, the writ of habeas corpus is dismissed.

SHARPE, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.