## MOORE *v.* PAROLE BOARD.

1. MANDAMUS—PUBLIC OFFICERS—MINISTERIAL ACTS.
   To support mandamus against public officers, plaintiffs must have a clear legal right to performance of the specific duty sought to be compelled and defendants must have the clear legal duty to perform such act; the act involved must be a ministerial act and leave nothing to the exercise of discretion or judgment.

2. STATUTES—CONSTRUCTION—PROSPECTIVE EFFECT.
   It is a general rule of construction that a statute shall be deemed to have only prospective effect unless contrary intention is clear.

3. CRIMINAL LAW—PROSPECTIVE STATUTES—ALLOWANCE OF CREDIT FOR TIME SERVED UNDER VOID SENTENCE—GOOD TIME.
   Plaintiff prisoner has no legal right to credit for time served under a void sentence or to any good time allowance then accumulated, where sentencing judge was under no legal duty to grant such credit at the time of sentencing, even though a subsequently enacted statute granted such right, such later statute having prospective effect only, hence, mandamus does not lie against defendant parole board to make such credit (CLS 1961, § 769.11a, as amended by PA 1965, No 67; § 800.33).

REFERENCES FOR POINTS IN HEADNOTES
[1] 34 Am Jur, Mandamus § 36.
[2, 3] 50 Am Jur, Statutes § 475 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 533.

Original mandamus. Submitted Division 2 June 3, 1966, at Lansing. (Docket No. 142.) Decided September 13, 1966. Leave to appeal granted by Supreme Court November 16, 1966. See 378 Mich 740, 379 Mich 624.

Complaint for mandamus by Willie B. Moore against the Michigan Parole Board to require defendant to credit on his criminal sentence the time he served on his prior void sentence. Writ denied.

*William H. Culver,* for plaintiff.

*Frank J. Kelley,* Attorney General, and *Robert A. Derengoski,* Solicitor General, for the defendant Parole Board.

*Donald A. Burge,* Prosecuting Attorney, and *Michael C. Gergely,* Assistant Prosecuting Attorney, for *amicus curiae* County of Kalamazoo.

QUINN, J. By his plea of guilty, plaintiff was convicted of first-degree murder October 29, 1938, and was sentenced to life imprisonment. December 9, 1957, the United States Supreme Court reversed the conviction and remanded the case for retrial.[1] In May of 1958, Moore was tried by a jury and found guilty of second-degree murder. He was sentenced June 6, 1958 to a term of 25 to 40 years. In May of 1964, he filed complaint in the Michigan Supreme Court seeking writ of mandamus to require defendant to credit on the sentence of June 6, 1958, the time Moore served from October 29, 1938 to June 6, 1958. By order dated September 3, 1964, that Court directed defendant to show cause why the writ should not be granted. Defendant filed answer to the order to show cause and by order of

[1] *Moore* v. *Michigan* (1957), 355 US 155 (78 S Ct 191, 2 L ed 2d 167).

October 14, 1964, the Supreme Court transferred the case to the Court of Appeals for hearing.

In his brief, plaintiff raises two questions, namely:

1. Is he entitled to the time credit he seeks by virtue of CLS 1961, § 769.11a, as amended by PA 1965, No 67 (Stat Ann 1965 Cum Supp § 28.1083[1])?

2. Must defendant accept jurisdiction of plaintiff and in determining his eligibility for parole under CLS 1961, § 791.234 (Stat Ann 1965 Cum Supp § 28.2304) must defendant in computing time served include the time served on plaintiff's first sentence?

This action is mandamus. The test for issuance of the writ is clearly set forth in *Solo* v. *City of Detroit* (1942), 303 Mich 672, as follows:

"To support mandamus against public officers, plaintiffs must have a clear legal right to performance of the specific duty sought to be compelled and defendants must have the clear legal duty to perform such act; the act involved must be a ministerial act and leave nothing to the exercise of discretion or judgment." (Syllabus 1.)

It appears clear from reading *In re Doelle* (1948), 323 Mich 241, *In re DeMeerleer* (1948), 323 Mich 287, *Attorney General* v. *Recorder's Court Judge* (1954), 341 Mich 461, and CLS 1961, § 769.11a (Stat Ann 1954 Rev § 28.1083 [1]), that prior to PA 1965, No 67, *supra*, there was no legal right to credit the time served on a void sentence nor was there any legal duty of anyone to grant such credit. Act No 67 reads as follows:

"Whenever any person has been heretofore or hereafter convicted of any crime within this state and has served any time upon a void sentence, the trial court, in imposing sentence upon conviction or acceptance of a plea of guilty based upon facts arising out of the earlier void conviction, *shall* in im-

posing the sentence specifically grant or allow the defendant credit against and by reduction of the statutory maximum by the time already served by such defendant on the sentence imposed for the prior erroneous conviction. Failure of the corrections commission to carry out the terms of said sentence shall be cause for the issuance of a writ of habeas corpus to have the prisoner brought before the court for the taking of such further action as the court may again determine."

The right and duty above referred to now exists for the first time. The question is are they retroactive to June 6, 1958?

It is the general rule of construction that a statute shall be deemed to have only prospective effect unless a contrary intention is clear. *People* v. *Foster* (1933), 261 Mich 247. Such contrary intention is not clear from the language employed in Act No 67, and from the history of the subject with which it deals as disclosed by *Doelle, DeMeerleer, Attorney General* and CLS 1961, § 769.11a, *supra,* we conclude that if the legislature had intended retroactive effect for Act No 67, it would have so stated. Without such retroactive effect, plaintiff had no legal right to the time credit he seeks on June 6, 1958 and the sentencing judge was under no legal duty to grant such credit. Hence, mandamus does not lie against this defendant.

CLS 1961, § 791.234 (Stat Ann 1965 Cum Supp § 28.2304) deals with paroles and the jurisdiction of the parole board. That part of the statute applicable to plaintiff's situation reads:

"who shall have served 10 calendar years of such sentence, shall be subject to the authority and jurisdiction of the parole board and *may* be released on parole *in the discretion* of the parole board:"

The final paragraph of that section reads:

"The time of his release on parole shall be discretionary with the parole board. The action of the parole board in releasing prisoners shall not be reviewable if in compliance with law."

It thus appears plaintiff is not subject to the jurisdiction of the parole board prior to June 6, 1968, unless that board assumes jurisdiction voluntarily, and mandamus does not lie to force the board to assume such jurisdiction. For the reasons stated in the next to the last paragraph, the board cannot be required to include the time plaintiff served under his first sentence in computing time served to determine his eligibility for parole.

Having ruled plaintiff is not entitled to a credit for time served on his first sentence, it follows he is not entitled to any good time allowance that may have accumulated during that time under CLS 1961, § 800.33 (Stat Ann 1954 Rev § 28.1403) to be credited on the sentence he is now serving.

Although not stated as an issue, it is argued in plaintiff's brief that refusal to grant him the credit he seeks denied him due process and equal protection of the law. A similar question was raised in *DeMeerleer, supra,* and it was answered contrary to plaintiff's position. The United States Supreme Court denied certiorari, see *DeMeerleer* v. *Michigan* (1948), 336 US 946 (69 S Ct 810, 93 L ed 1102).

The writ of mandamus requested is denied.

HOLBROOK, P. J., and McGREGOR, J., concurred.